IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| NABIL E. R. ABUELHAIGA,        ) | |
| )     | |
| )     | |
| Plaintiff,        ) | |
| )     | |
| vs.        ) | CIVIL ACTION NO.: |
| )     | |
| CROWN NISSAN, INC.,        ) | |
| )     | TRIAL BY JURY |
| Defendants.        ) | |

HARASSMENT COMPLAINT AND TERMS AND CONDITIONS AND OUTRAGE
COMPLAINT

I.  JURISDICTION

     1. The jurisdiction of this court is invoked pursuant to 28 U.S.C. 1331, 1343, 28 U.S.C. 2201 and  2202,  and 42 U.S.C. 2000(e), et seq., Title VII of the Civil Rights Act of 1964, as amended and Section 1981..  The jurisdiction of  this court is invoked to secure protection for and to redress the deprivation of rights secured by 42 U.S.C. 2000(e) and Section 1981, providing relief against  discrimination and harassment.  Plaintiff invokes supplemental state jurisdiction.

II.  PARTIES

     2. Nabil E. R. Abuielhaiga,  Plaintiff,  is a permanent resident of Alabama.

     3. Crown Nissan, Inc. is a corporation doing business in Jefferson County Alabama

III.  STATEMENT OF PLAINTIFF'S CLAIMS

1

Hostile Work Environment under Title VII and Section 1981 "based on" religious discrimination and national origin discrimination.

4. He belongs to a protected group, as he is an Arab Muslim of Middle Eastern heritage and Arabian decent.

5. That he has been subjected to unwelcome harassment by his managers, supervisors, and co-employees from about October 25, 2011 to July 13, 2012 because of his religion and national origin.

6. That the harassment was based on his religion, Muslim, Middle Eastern Heritage and Arabian decent and other co-workers of non-Muslim and no Arabian decent were not treated with harassment.

7. That the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment.

8. That a basis for holding the employer liable exists.

9. That on, to wit: over the course of plaintiff's entire employment from approximately October 24, 2011 to about July 13, 2012, plaintiff was subjected to severe and pervasive harassment by his managers, supervisors and co-employees,, in which, he was constantly called names by them in regards to his religion, national heritage, Arabian decent, both directly by managers, supervisors and co-employees, and in the presence of all of the managers and supervisors in the place of business.

10. On a constant basis, throughout his employment, he was called, constantly, turban head, terrorist, bomber, camel jockey, sand n_____, Ben Laden's cousin, bomber terrorist, one of those people, you don't belong here, go back to where you come from.

11. On a constant basis, throughout his employment, he was constantly being touched as if to frisk him for bombs, patted down, boxed in, detained, and cornered, by one or more co-employees, pretending to see if he had bombs hidden in his person.

12. These name callings, as stated above, were constantly hurled at the plaintiff throughout the time he was a salesman at the dealership, constantly and on an almost daily basis along with the touchings.

13. That other co-employees in the office, in the manager's and supervisor's presence, made comments about plaintiff and touchings to the plaintiff, in which the managers and supervisors were there to overhear and did in fact overhear and did nothing to stop the remarks and touchings.

14. The Plaintiff found the conduct offensive, as a reasonable person would find it offensive, and the conduct was in fact offensive such that a reasonable person would find the work environment hostile and abusive.

15. The harassment toward the plaintiff objectively and subjectively affected a term, condition, or privilege of the employment, creating an abusive working environment, which affected his psychological well-being and ability to perform at the highest level.

16. Often times, his fellow workers would come by while plaintiff was working with a customer and make terrorist comments to the customer about plaintiff.

17. The employer had constructive notice and failed to take prompt remedial action. The harassment was widespread in the office and gave them constructive notice.

18. Furthermore, plaintiff alleges that he has directly complained, per policy, to his immediate supervisor, an assistant GSM, and the conduct toward him did not end.

19, Furthermore, plaintiff alleges that he has directly complained to the general manager, per policy, and the conduct toward him did not end.

20. The general manager told him to just let it go and go to work.

21. Plaintiff told co-workers that terrorist was not name his name but they continued to call him terrorist.

22. Investigation of plaintiff's complaints about the above comments were insufficient under Title VII as a matter of law, in that, there was no investigation at all.

23. The employer took no corrective action, thus taking insufficient corrective action, even though it had a legal duty to investigate and stop the harassment as heretofore described.

24. Because there was no investigation and no corrective action, it was assumed, at the place of business, that anyone could mock plaintiff's religion and national origin with no action taken against them.

25. It was plaintiff's duty to report the harassment as heretofore described and he did so. It was not his duty to stop the conduct toward himself by threatening his co-workers if they refused to stop calling him names and touching him.

26. Plaintiff further alleges that because some of the harassers were his managers or in management, he had no alternative but to work with the humility as he was ordered to do.

27. The defendant is strictly liable for the acts of its managers. The managers and supervisors had the power to stop the conduct as heretofore described and refused.

28. Plaintiff alleges that the supervisors and managers had decision-making authority or plaintiff and the power to alter plaintiff's employment or the power, if they so chose, to stop the harassment.

29. The plaintiff alleges that the managers and supervisors made "name calling " a condition of his employment.  The plaintiff alleges that the defendant's managers and supervisors were  an agent of the defendant and acted as its agent in the harassment and the failure to stop the harassment.

30. The defendant caused plaintiff an adverse job action by maintaining in the business an atmosphere of national origin and religious hostility.

31. Plaintiff was forced to quit.  He was a victim of harassment, as heretofore, described, and  the harassment created working conditions which were so difficult or unpleasant that a reasonable person in the employee's position would have felt compelled to resign.

32. On July 13, 2012, plaintiff  was presented with a birthday gift constructed of paper TNT bombs tied together and signed by all of the managers (except one, Paul Patrick,  who refused to sign it), supervisors and co-employees, saying "Happy Birthday Terrorist" and "Happy Birthday Bomber" and/ or  "You are the bomb."

33. The birthday episode was videoed by the defendant by and through its agents.

WHEREFORE, PREMISES  CONSIDERED,  Plaintiff requests the following relief:

1. Grant Plaintiff an order requiring Defendants to make  Plaintiff whole by granting appropriate declaratory relief, equitable relief, lost wages, lost benefits, front pay, back-pay, injunctive relief, compensatory and punitive damages; and

2. Grant Plaintiff a permanent injunction enjoining Defendants, its agents, successors, employees, attorneys and those acting in concert therewith from continuing to violate  42 U.S.C. 2000(e);

3. Plaintiff prays for such other and further, different or additional relief as justice may require, costs and attorney fees.

## TERMS AND CONDITIONS

34. Plaintiff alleges the above the same as set forth herein.

35. Plaintiff has been discriminated against on the basis of his religion and national origin and Arabian decent in the terms and conditions of employment through harassment, unequal job conditions compared to other non-Muslims and non-middle eastern and finally constructive termination, in conditions where others were treated more favorably.

36. The employer treated plaintiff less favorably than others, as heretofore described, because of his religion and national origin.

37. The Plaintiff avers that as a consequence of the Defendants' illegal discrimination, plaintiff has suffered mental anguish, compensatory and punitive and other damages.

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests the following relief:

1. Grant Plaintiff an order requiring Defendants to make Plaintiff whole by granting appropriate declaratory relief, equitable relief, lost wages, lost benefits, front pay, back-pay, injunctive relief, compensatory and punitive damages; and

2. Grant Plaintiff a permanent injunction enjoining Defendants, its agents, successors, employees, attorneys and those acting in concert therewith from continuing to violate 42 U.S.C. 2000(e);

3. Plaintiff prays for such other and further, different or additional relief as justice may require, costs and attorney fees.

## STATE CLAIM--OUTRAGE

38. Plaintiff alleges the facts above the same as if set out herein.

39. Plaintiff alleges that the conduct as heretofore described is outside the boundaries of decency and that he suffered mental distress because of this outrageous conduct and was forced to quit, as heretofore described.

40. The agents of the defendant engaged in a pattern of conduct over a period of several months aimed at forcing plaintiff to leave his job, thereby violating his federally protected right to be free from discrimination based on religion and/ or national orgin.

41. The employer ratified the actions of the agents by failing to stop the conduct of its agents toward the plaintiff after it (the employer) had knowledge of what was occurring to plaintiff.

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests the following relief:

1. Grant Plaintiff lost wages, lost benefits, front pay, back-pay, injunctive relief, compensatory and punitive damages; and

2. Plaintiff prays for such other and further, different or additional relief as justice may require, costs and attorney fees.


/s/ Jeff Bennitt
_____
Asb-0774-n51j


Jeffrey W. Bennitt & Associates, LLC
121 Edenton St.

Birmingham, Al   35242
205-408-7240
fx: 204-408-9236
Bennittlaw@aol.com